## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |
|---|---|
| SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE, TIMOTHY ROGERS, RICHARD CARUSO AND WILLIAM DREW LANDON, | : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| COHEN MILSTEIN SELLERS & TOLL, PLLC, | : : |
| Defendant. | : : |

ELECTRONICALLY FILED
7/17/2025
U.S. DISTRICT COURT
Northern District of WV

Case. No.    5:25-cv-157 Bailey

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Severstal Wheeling, Inc. Retirement Committee, ("Committee"), Timothy Rogers ("Rogers"), Richard Caruso ("Caruso") and William Drew Landon ("Landon") file this Complaint against Defendant Cohen Milstein Sellers & Toll, PLLC ("Cohen"), and in support thereof, allege as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment. In 2022, Cohen abandoned its legal representation of the Committee and its members, forcing the Committee to engage new counsel to pursue recovery from certain third parties for the benefit of retirees of Severstal Wheeling, Inc. and/or Wheeling-Pittsburgh Steel Corporation. Notwithstanding its abandonment, Cohen has argued that it is still owed fees from any recovery that the Committee and its new counsel obtained. The Committee and its new counsel were able to obtain certain funds, which the Committee wishes to distribute to pension plan beneficiaries. However, the Committee cannot distribute the funds if it would be exposed to Cohen's claim for fees. In this action, the Committee seeks a declaration regarding Cohen's right to fees, if any, so that funds may be distributed to the retired workers and beneficiaries of the Wheeling Corrugating Company Retirement Security Plan and the Salaried

Employees' Pension Plan of Severstal Wheeling, Inc. (collectively, the "<u>Wheeling Pension Plans</u>").

## THE PARTIES

2.    Plaintiff Severstal Wheeling, Inc. Retirement Committee is responsible for the general administration and applicable provisions of the Wheeling Pension Plans.

3.    The Committee is composed of members Rogers, Caruso and Landon.

4.    Severstal Wheeling, Inc. is a corporation organized under the laws of the State of Delaware that had a principal place of business at 1134 Market Street, Wheeling, West Virginia 26003.

5.    Plaintiff Rogers is an individual over the age of eighteen and a citizen of the State of California.

6.    Plaintiff Caruso is an individual over the age of eighteen and a citizen of the Commonwealth of Pennsylvania.

7.    Plaintiff Landon is an individual over the age of eighteen and a citizen of the State of Ohio.

8.    The Wheeling Pension Plans are sponsored by Severstal Wheeling, Inc. and covered by the Employee Retirement Income Security Act of 1974 ("<u>ERISA</u>"). The Wheeling Pension Plans were previously funded and maintained through a trust sponsored by the WHX Corporation ("<u>WHX</u>").

9.    The Wheeling Pension Plans are "employee benefit pension plans" within the meaning of ERISA. 29 U.S.C. § 1002(2)(A).

10.    ERISA requires every plan to approve one or more named fiduciaries who will have "authority to control and manage the operation and administration of the Plan." 29 U.S.C. §1102(a)(1).

2

11.     Rogers, Caruso and Landon are the named fiduciaries of the Wheeling Pension Plans.

12.     Upon information and belief, Cohen is a professional limited liability corporation organized under the laws of the District of Columbia, with an address of 1100 New York Ave., NW, Suite 800, Washington, D.C. 20005.

## JURISDICTION AND VENUE

13.     The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that, among other things, the Committee has its principal place of business in this District, the Committee entered into its agreement with Cohen in this District, and members of the Plan who will receive the funds at issue reside primarily in this District.

## FACTUAL BACKGROUND

15.     The Committee manages the Wheeling Pension Plans. In that role, it has been responsible for collecting assets belonging to the Wheeling Pension Plans and distributing those assets to members of the Plans—former employees of Severstal Wheeling, Inc. and/or Wheeling-Pittsburgh Steel Corporation.

16.     The corporate predecessor to Severstal Wheeling, Inc. was Wheeling-Pittsburgh Steel Corporation which, prior to 2003, was a wholly-owned subsidiary of Wheeling-Pittsburgh Corporation which, in turn, was a wholly-owned subsidiary of WHX Corporation ("WHX"). Upon Severstal Wheeling, Inc. becoming the corporate successor in interest to Wheeling-Pittsburgh Steel Corporation, in 2008, WHX required Severstal Wheeling, Inc. to transfer ownership of existing pension plan assets to a new trust.

17.     At that time, WPN, Inc. ("WPN") and its principal Ronald Labow ("LaBow") were named fiduciaries of those pension plans, and were engaged to manage and administer those plans and coordinate the transfer of assets to the new trust. In coordinating the transfer of assets, however, WPN and Labow refused to allocate the assets in accordance with the directives of the Committee, and instead allocated the assets to an undiversified portfolio of risky energy stocks. Significant harm resulted.

18.     In 2012, Plaintiff retained Cohen to represent it in previously filed litigation against WPN Corp. in the United States District Court for the Southern District of New York. Pursuant to the parties' agreement, Cohen would be entitled to a contingency fee under certain conditions. The letter specified that "In the event that the litigation does not result in a settlement, judgment in your favor or a judgment proves uncollectable (i.e. no money or anything else with a present value is received or collected from Defendants), the Plans will not be responsible for any attorneys' fees." (Paragraph 5(a)).

19.     In 2015, Plaintiff and Cohen successfully obtained a judgment in the amount of $15,016,327.24 (the "New York Judgment"), which was later increased by $2,624,768.34 in attorneys' fees. Thereafter, Cohen made some efforts to collect on that judgment.

20.     WPN and LaBow had assets in New York, Idaho and Florida. Cohen was able to recover $2,680,000.00 by 2021. Following this recovery, the Committee was able to make disbursements to 679 beneficiary recipients, and Cohen shared in the recovery [receiving $862,174.48].

21.     Although Cohen initially made some efforts to recover additional amounts from Lauri Cornell, the widow of Defendant Labow, including attempts to transfer the judgment to

Idaho to obtain a home she owned there, Cohen abandoned those efforts.  Notably, Cohen's efforts to transfer the judgment to Idaho were likewise flawed.

22.    On May 24, 2022, Cohen wrote to Plaintiff as follows: "Please also note that our firm has advised Michelle and I that unfortunately, ***given the dim prospects for any further collectability from Cornell***, it is unlikely that Cohen Milstein will be able to continue to represent the trustees in further collection efforts related to this matter, after the conclusion of the sale of the Idaho house" (emphasis added).

23.    On June 27, 2022, after Cornell filed for chapter 11 relief under the U.S. Bankruptcy Code, Cohen wrote to Plaintiffs: "We have come to the conclusion that you all would be better served to hire a bankruptcy/property lawyer to help you with the current proceeding, and that accordingly ***Cohen Milstein cannot represent you in this related action***" (emphasis added).

24.    On July 1, 2022, Cohen wrote to Plaintiffs as follows: "This letter confirms our phone conversations of June 29 and 30, 2022, wherein ***I advised you that Cohen Milstein*** Sellers & Toll PLLC ("Cohen Milstein" or the "Firm") ***would withdraw from representing you*** in connection with the *Severstal Wheeling Inc. Retirement Committee et al. v. WPN Corp., et al*, No. 10-00954-LTS-GWG, S.D.N.Y. litigation and the related collections/enforcement actions which followed (the "Action")" (emphasis added).

25.    As a result of Cohen's announced withdrawal, the Committee was forced to retain new counsel to represent it in the Cornell bankruptcy proceeding and to pursue collection of the Judgment from Cornell.

26.    Cohen's failure to domesticate the New York Judgment in Idaho in a timely manner, i.e, during LaBow's lifetime, forced the Committee and its new counsel to incur materially more costs than they otherwise would have in attempting to collect on the New York Judgment.

27.     Notwithstanding Cohen's actions, through the efforts of its new counsel, the Committee successfully entered into a settlement whereby it received $2,235,000.00 in funds.

28.     The Committee paid its new counsel several hundred thousand dollars to represent it in the Cornell's Bankruptcy Case and secure the subsequent settlement as well as actual payment of the settlement amount.

29.     The Committee is obligated to distribute the collected funds to members of the Plans.

30.     In its July 1, 2022, letter, Cohen wrote to the Committee as follows:

Though Cohen Milstein is now withdrawing as counsel in the Action, should you recover any additional amounts of the Judgment Award from any source, including from Defendant Labow's estate, or from Labow's widow Ms. Lauri Cornell, Cohen Milstein expressly retains and does not waive its right to recoup the out-of-pocket expenses advanced on your behalf, and to be paid attorneys' fees incurred in the Action. . . . Because Plaintiffs did obtain a favorable judgment following trial, under the 2021 Agreement at 3(c)(2)(iv), Cohen Milstein is entitled to recover all of these amounts as attorneys' fees and reimbursement of advanced costs.

## COUNT I
## DECLARATORY JUDGMENT

31.     The Committee incorporates by reference the allegations contained in all of the foregoing paragraphs.

32.     Notwithstanding its obligations under the parties' agreement, Cohen withdrew from further representation based on the alleged "dim prospects for any further collectability" on the New York Judgment.

33.     Cohen did not complete its obligations under the agreement and expressed its unwillingness to perform the acts necessary to complete its obligations.

34.     Cohen's withdrawal due to dim prospects for recovery was not for good cause such that Cohen would be entitled to any fees from the amounts the Committee collected on its own.

35.    Cohen's withdrawal forced the Committee to retain new counsel, on an hourly basis rather than a contingency fee basis, and therefore, caused the Committee to incur expenses and the risk of uncollectability—expenses and risks that should have been born by Cohen.

36.    Cohen had the choice of continuing to pursue recovery and sharing in the proceeds or giving up. It would be inequitable to allow an attorney to share in proceeds when it gave up and refused to proceed further.

37.    The parties' agreement specified that if a judgment proves uncollectable, "the Plans will not be responsible for any attorneys' fees" (paragraph 5(a)).

38.    Nevertheless, Cohen has taken the position that it is free to abandon its client and at the same time collect a fee based on the efforts of the client and its new counsel.

39.    The Committee is obligated to distribute the funds collected to members of the Plan. ERISA requires that the Committee and its members, as fiduciaries, discharge their duties solely in furtherance of "providing benefits to participants and their beneficiaries" and "defraying reasonable expenses of administering the plan." 29 U.S.C.A. § 1104 (a)(1)(A).

40.    The funds received from Cornell represent the sole remaining asset of the Wheeling Pension Plans. The Committee has an obligation to maximize distributions to beneficiaries absent dilution on account of counsel fees not duly payable under the circumstances.

41.    The Committee cannot however distribute those funds when faced with a potential claim from Cohen.

42.    There is thus an actual controversy between the Committee and Cohen, and a declaratory judgment is necessary for the purpose of resolving Cohen's right, if any, to the collected funds, and allowing distribution to the members of the Plans.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek a declaration of the rights and obligations of the parties, and in particular that Cohen is not entitled to any fee due it its abandonment of its representation of Plaintiffs, or in the alternative, the amount to which Cohen is entitled, and such other relief as the Court deems appropriate.


Dated: July 17, 2025                    ___/s/ Keith E. Whitson_____
                                        Keith E. Whitson
                                        Pa. ID #69656
                                        RAINES FELDMAN LITTRELL LLP
                                        11 Stanwix Street, Suite 1100
                                        Pittsburgh, Pennsylvania 15222
                                        Phone: (412) 899-6460
                                        kwhitson@raineslaw.com